[ORAL ARGUMENT NOT YET SCHEDULED]

# UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

_____

|  |  |
|---|---|
| AMERICAN MUNICIPAL POWER, INC., et al., | )<br>)<br>) |
| Petitioners, | )<br>)   Nos. 20-1372, 20-1373,<br>)   20-1374<br>)   (consol.) |
| v. | ) |
| FEDERAL ENERGY REGULATORY COMMISSION, | )<br>)<br>) |
| Respondent. | ) |

_____

## MOTION OF EXELON CORPORATION FOR LEAVE TO INTERVENE IN SUPPORT OF RESPONDENT

Pursuant to Federal Rule of Appellate Procedure 15(d) and Circuit Rule 15(b), Exelon Corporation ("Exelon") moves for leave to intervene in support of Respondent Federal Energy Regulatory Commission ("FERC") in the above-captioned consolidated cases. These cases concern a final Order issued by FERC relating to certain revisions to the tariffs and agreements of PJM Interconnection, L.L.C. ("PJM"). *See* 171 FERC ¶ 61,153 (2020) (Order on Proposed Tariff and Operating Agreement Revisions, or "Order"). PJM is the Regional Transmission Organization responsible for administering the wholesale electricity markets for

1

portions of 13 states and the District of Columbia. Rehearing was denied by operation of law. *See* 172 FERC ¶ 62,029 (2020).[1]

This motion is timely. The petition for review in Docket No. 20-1372 was filed on September 18, 2020. This motion is being filed within 30 days of the petition for review. *See* Fed. R. App. P. 15(d). Exelon participated fully in the proceedings before the agency, and its interests would be significantly and adversely affected by a decision in favor of the petitioners. Accordingly, this Court should grant Exelon's motion to intervene.

## BACKGROUND

Exelon is one of the country's largest competitive power generators with operations and business activities in 49 states, the District of Columbia, and Canada. It owns more than 21,000 MW of electric generation in the PJM region—including numerous nuclear generating stations—and is one of PJM's largest generators of electricity. Exelon also owns six electric utilities in the PJM region, serving approximately 10 million customers.

---

[1] FERC's order denying rehearing indicates that the agency intends nevertheless to issue an order addressing the arguments made in the various petitions for rehearing. Petitioners state that they have filed their petition out of an abundance of caution, in light of this Court's ruling in *Allegheny Defense Project v. FERC*, 964 F.3d 1 (D.C. Cir. 2020) (en banc). Exelon files this intervention motion to protect its rights to participate in this appeal, in the event that FERC does not issue any subsequent order resulting in a further petition for review.

2

The FERC order under review concerns PJM's method for valuing and procuring reserves—that is, generation resources that may be needed to respond to real-time contingencies, such as a higher than expected demand or unexpected outages at other plants. FERC found that PJM's existing framework for valuing and procuring reserves was unjust and unreasonable, because "its reserve market is systematically failing to acquire within-market the reserves necessary to operate its system reliably, to yield market prices that reasonably reflect the marginal cost of procuring necessary reserves, and to send appropriate price signals for efficient resource investment." Order at P 74.

To address these problems, FERC directed a variety of reforms. These included consolidating what had been two separate reserve products receiving different price signals into a single reserve product with uniform compensation, Order at P 115; increasing the maximum price that can be charged for reserves in order to better reflect the cost of actions needed to preserve reliability, Order at P 153; and adopting a downward sloping demand curve for reserves that will reduce the need for PJM's operators to take administrative, out-of-market actions to ensure reliability. Order at P 219.

Exelon actively participated in the proceedings before the agency in support of the positions ultimately adopted by FERC. It submitted comments as well as expert testimony. *See* Comments of Exelon Corp., FERC Docket Nos. EL19-58,

3

ER19-1486 (May 15, 2019) & Ex. A (affidavit of Michael M. Schnitzer); Reply Comments of Exelon Corp., FERC Docket Nos. E19-58, ER19-1486 (June 19, 2019).

## ARGUMENT

Pursuant to Federal Rule of Appellate Procedure 15(d) and Circuit Rule 15(b), Exelon's motion to intervene is proper and should be granted. Federal Rule of Appellate Procedure 15(d) provides that a motion to intervene "must be filed within 30 days after the petition for review is filed and must contain a concise statement of the interest of the moving party and the grounds for intervention." Fed. R. App. P. 15(d). This rule "simply requires the intervenor to file a motion setting forth its interest and the grounds on which intervention is sought." *Synovus Fin. Corp. v. Bd. of Governors of Fed. Reserve Sys.*, 952 F.2d 426, 433 (D.C. Cir. 1991).

Exelon has a direct and substantial interest in the substance of these proceedings. As the owner of substantial generation facilities in the PJM region, Exelon will benefit financially from the Order, including from FERC's decision to price reserves in a uniform manner and to increase the maximum price that can be charged for reserves. And as the owner of several utilities serving millions of customers in the PJM region, Exelon has a strong interest in ensuring that PJM's framework for valuing and procuring reserves is sufficient to ensure reliability for

its customers, and that it does so in an efficient manner that avoids the need for PJM operators to take out-of-market administrative actions to obtain required reserves.

Moreover, Exelon's participation in the PJM market, both as a generator and as a load-serving entity, is governed by the tariffs and agreements promulgated by PJM and approved by FERC. This Court has routinely allowed parties to intervene on appeal from an agency's final rule when their own regulatory obligations are at issue. *See, e.g.*, *EME Homer City Generation L.P. v. EPA*, 795 F.3d 118 (D.C. Cir. 2015); *Monroe Energy, LLC v. EPA*, 750 F.3d 909 (D.C. Cir. 2014); *Daimler Trucks N. Am. LLC v. EPA*, 737 F.3d 95 (D.C. Cir. 2013). It should do the same here.

## CONCLUSION

For the foregoing reasons, this Court should grant Exelon's motion to intervene in support of Respondent. Pursuant to Circuit Rule 15(d), the Court should also allow Exelon to intervene in "all cases before this court involving" the Orders.

Dated: October 19, 2020                    Respectfully submitted,

/s/ Matthew E. Price
Matthew E. Price
JENNER & BLOCK LLP
1099 New York Ave. NW Suite 900
Washington, DC 20001
Tel.: 202-639-6873
Email: mprice@jenner.com

*Counsel for Exelon Corporation*

5

## CORPORATE DISCLOSURE STATEMENT

Pursuant to D.C. Circuit Rule 26.1 and Federal Rule of Appellate Procedure 26.1, Intervenor-Movant Exelon Corporation respectfully submits the following corporate disclosure statement:

Exelon Corporation is a utility and generator of electricity and is a publicly traded company. It has no parent company, and no publicly traded company owns 10 percent or more of its shares.

Dated: October 19, 2020 /s/ Matthew E. Price

*Counsel for Exelon Corporation*

## CERTIFICATE AS TO PARTIES AND AMICI

Pursuant to Circuit Rules 27(a)(1)(4) and 28(a)(1)(A), Movant-Intervenor Exelon Corporation states that the parties in this Court are:

- Petitioners:
    - Case No. 20-1372: American Municipal Power, Inc; American Public Power Association; Delaware Division of the Public Advocate; Office of the People's Counsel for the District of Columbia; Maryland Office of People's Counsel; New Jersey Division of Rate Counsel; Pennsylvania Office of Consumer Advocate; PJM Industrial Customer Coalition
    - Case No. 20-1373: Independent Market Monitor for PJM
    - Case No. 20-1374: Old Dominion Electric Cooperative
- Respondent: Federal Energy Regulatory Commission
- Movant-Intervenors: PJM Interconnection, L.L.C.; Exelon Corporation

There are no amici at this time.

/s/ Matthew E. Price

*Counsel for Exelon Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that on October 19, 2020, I caused the foregoing Motion of Exelon Corporation for Leave to Intervene in Support of Respondent to be served via this Court's CM/ECF system on all counsel of record.

Dated: October 19, 2020                              /s/ Matthew E. Price

*Counsel for Exelon Corporation*